**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **SARAH S. HORTON** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **CIVIL ACTION NO. 14-396-KD-B** |
| **MOBILE COUNTY BOARD OF** | ) | |
| **SCHOOL COMMISSIONERS** | ) | |
| **Defendant.** | ) | |

**ORDER**

This matter is before the Court on Defendant's Motion for Summary Judgment and supporting materials (Docs. 15-17, 19). Plaintiff failed to respond to the motion. Upon consideration the motion is **GRANTED**.

**I.     Factual Background[1]**

In 1975, Plaintiff Sarah Horton ("Horton") was hired by Defendant Mobile County Board of School Commissioners ("Defendant"). (Doc. 1 at 3). Horton was employed by the Defendant until her retirement in June 2011. (Doc. 17-2 at 36; Dep. Horton at 91).

At the time of the events giving rise to the complaint, Horton's personnel records listed her as a utility worker. (Doc. 17-2 at 7; Dep. Horton at 15). Horton's duties included but were not limited to driving school bus routes when the assigned driver was unable to do so. (Doc. 17-2 at 8; Dep. Horton at 17, Doc. 17-3 at 2; Utility Worker Job Description). Horton's supervisor was Fleet Manager of Transportation Bob Brunson ("Brunson"). (Doc. 17-2 at 6; Dep. Horton at 14). Brunson's supervisor was Director of Transportation Sadie Cates ("Cates"). (Id.).[2]

In October 2008, Horton suffered an on the job injury which resulted in an injury to her

---

[1] As Horton has failed to point out any disputed facts, "The Court will deem uncontroverted material facts to be admitted solely for the purpose of deciding the motion for summary judgment." S.D. Ala. L.R. 56(d). Accordingly, the Court adopts the facts as presented by the Defendant.

[2] After Cates' retirement, the Director of Transportation position was held by Pat Mitchell. (Doc. 17-2 at 6-7; Dep. Horton at 14-15).

knee and back. (Doc. 1 at 3). Horton returned to work in August 2009. (Doc. 17-2 at 13; Dep. Horton at 24). Her doctor restricted her as follows: no repetitive stooping or bending including stairs, no lifting greater than 10 pounds, and no bus driving. (Doc. 17-3 at 5).

When presented with the restrictions, Brunson informed Horton that she was unable to return to work because she was unable to perform the main function of her duties. (Doc. 17-3 at 6). After receiving this information from Brunson, Horton met with her union representative and spoke with an attorney. (Doc. 17-2 at 19-21; Dep. Horton at 33, 35, and 37). Horton then met with Cates who instructed her to visit her doctor again and to see if there were any accommodations that could be made to assist Horton. (Doc. 17-2 at 23-25; Dep. Horton at 41-43).

In September 2009, Horton's doctor altered her restrictions. (Id.). The doctor indicated that Horton was "doing fine" but that she had difficulty stepping on the first step of the bus. (Doc. 17-2 at 24-25; Dep. Horton at 42-43) The doctor stated that Horton could drive a bus if an extra step could be added to the bus. (Id.). Horton conveyed the change in her restrictions to the Defendant. (Id.).  On September 25, 2009, the Defendant responded to Horton's attorney via letter, noting that operating the bus entailed more than the ability to board the bus. (Doc. 17-3 at 9). The Defendant also noted that Horton had to be physically able to assist the children in the event of an emergency. (Id.). The Board asked for supplemental documentation showing that Horton would be able to assist in an emergency without injuring herself, or any children on the bus. (Id.).

On November 19, 2009, Horton's attorney suggested that Horton be allowed to drive a handicap bus as a possible accommodation. (Doc. 17-3 at 10). In December 2009, Horton filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). (Doc.

1 at 2). The parties reached an agreement on an accommodation which would permit Horton to drive a bus with the assistance of an aide. (Doc. 17-4 at 2, Aff. Personnel Administrator George Smith).

In January 2010, bus access issues arose again. (Id. at 3). In February 2010, a resolution was reached when the Defendant acquired an Alabama Department of Transportation approved step to allow Horton to enter and exit the bus. (Id. at 3 and Doc. 17-3 at 11-15).

On March 22, 2011, Horton made a request to drive her personal vehicle rather than a school bus when travelling between work sites. (Doc. 17-4 at 3, Aff. Personnel Administrator George Smith; Doc. 17-3 at 20). The next day, the Defendant sent a letter to Horton requesting a medical update on her physical restrictions via medical documentation. (Doc. 17-3 at 21).  The parties met on April 5, 2011. (Doc. 17-4 at 3, Aff. Personnel Administrator George Smith).

On May 20, 2011 Horton signed Mobile County Public School System Form HR-610, notifying the Defendant of her intention to retire effective June 2011. (Doc. 17-3 at 22). Horton retired in June 2011.

On or about June 2, 2014, Horton's attorney received a right to sue letter from the EEOC dated May 29, 2014. (Doc. 1 at 2-3, Doc. 1-1). Horton filed this lawsuit on August 27, 2014, allegation discrimination and retaliation under the Americans with Disabilities Act ("ADA").

## II.      Standard of Review

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  Rule 56(c) governs procedures and provides as follows:

**(1) *Supporting Factual Positions.*** A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
(A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits

> or declarations, stipulations (including those made for purposes of
> the motion only), admissions, interrogatory answers, or other
> materials; or
>
> (B)   showing that the materials cited do not establish the absence or
>        presence of a genuine dispute, or that an adverse party cannot
>        produce admissible evidence to support the fact.
>
> **(2)** ***Objection That a Fact Is Not Supported by Admissible Evidence.*** A party
>        may object that the material cited to support or dispute a fact cannot be
>        presented in a form that would be admissible in evidence.
>
> **(3)** ***Materials Not Cited.*** The court need consider only the cited materials, but it
>        may consider other materials in the record.
>
> **(4)** ***Affidavits or Declarations.*** An affidavit or declaration used to support or
>        oppose a motion must be made on personal knowledge, set out facts that
>        would be admissible in evidence, and show that the affiant or declarant is
>        competent to testify on the matters stated.

Fed. R. Civ. P. 56(c).

A party seeking summary judgment bears the initial responsibility of informing the
district court of the basis for its motion and identifying those portions of the pleadings,
depositions, answers to interrogatories, and admissions on file, together with the affidavits, if
any, which it believes demonstrate the absence of a genuine issue of material fact.  *Clark v.
Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991) (quoting *Celotex Corp. v. Catrett*, 477
U.S. 317, 323 (1986)).  The mere existence of a factual dispute will not automatically necessitate
denial; rather, only factual disputes that are material preclude entry of summary judgment.
*Lofton v. Sec'y of Dep't of Children & Family Servs.*, 358 F.3d 804, 809 (11th Cir. 2004).

Horton has failed to respond to the Defendant's Motion for Summary Judgment. Civil
Local Rule 56 for the Southern District of Alabama requires a party responding to a Rule 56
motion to specify the disputed facts, if any:

> Unless the Court orders otherwise, the nonmovant must file any response in
> opposition to the motion within twenty-eight (28) days of service of the motion.
> The non-movant's brief must include: (1) all facts relied upon, each supported by

a specific, pinpoint citation to the record; (2) all challenges to the movant's asserted facts; and (3) argument supported by legal authority as appropriate. The non-movant must also file all evidence relied upon. No other supporting documents may be filed absent Court order.

S.D. Ala. L.R 56(b). "The Court will deem uncontroverted material facts to be admitted solely for the purpose of deciding the motion for summary judgment." S.D. Ala. L.R. 56(d).

Nevertheless, the Court notes that the "mere failure of the non-moving party to create a factual dispute does not automatically authorize the entry of summary judgment for the moving party." *Dixie Stevedores, Inc. v Marinic Maritime, Ltd*., 778 F.2d 670, 673 (11th Cir. 1985). Instead, "Rule 56 requires the moving party to demonstrate the absence of a genuine issue of fact." *Id*. In *United States v. One Piece of Property, 5800 S.W. 4th Ave., Miami, Florida,* 363 F.3d 1099 (11th Cir. 2004), the Eleventh Circuit held that "[t]he district court cannot base the entry of summary judgment on the mere fact that the motion was unopposed but, rather, must consider the merits of the motion," *Id*. at 1101, and noted the provision in Fed. R. Civ. P. 56(e) that when "'the adverse party does not respond, summary judgment, if appropriate, shall be entered against the adverse party.'" *Id*. at 1101 (emphasis in original); *see also Trustees of the Central Pension Fund of the Int'l Union of Operating Engineers and Participating Employers v. Wolf Crane Service, Inc.*, 374 F.3d 1035, 1040 (11th Cir. 2004) (vacating and remanding the district court's grant of summary judgment, in part, "[b]ecause summary judgment cannot be granted as a sanction for merely failing to file a response to a motion for summary judgment").

### III.    Analysis

In her one count complaint, Horton brings two claims under the Americans with Disabilities Act ("ADA") against the Defendant. First, she claims that she was discriminated against on the basis of her disability because the Defendant refused to provide reasonable accommodations to her. (Doc. 1 at 7-8). Second, she claims that she was retaliated against in the

form of constructive discharge as a result of her requests for reasonable accommodations. (Doc. 1 at 7-8).

A.      Discrimination Claim

Pursuant to the ADA, an employer may not discriminate against "a qualified individual with a disability because of the disability of such individual in regard to ... discharge of employees." 42 U.S.C. § 12112(a). Discrimination has been defined to include "not making reasonable accommodations to the known physical ... limitations of an otherwise qualified individual with a disability who is an ... employee, unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of the business...." 42 U.S.C. § 12112(b)(5)(A). "The term reasonable accommodation means, [in relevant part]: Modifications or adjustments to the work environment, or to the manner or circumstances under which the position held or desired is customarily performed, that enable a qualified individual with a disability to perform the essential functions of that position[.]" 29 C.F.R. § 1630.2(o)(1)(ii).

Horton alleges that she was discriminated against due to Defendant's failure and/or refusal to provide her with reasonable accommodations. (Doc. 1 at 7). "To state a *prima facie* claim for failure to accommodate, the plaintiff must show that: (1) [s]he is disabled; (2) [s]he is a qualified individual; and (3) [s]he was discriminated against by way of the defendant's failure to provide a reasonable accommodation." *McKane v. UBS Fin. Servs., Inc.*, 363 F. App'x 679, 681 (11th Cir. 2010)(internal quotations and citations omitted).

Defendant does not dispute that Horton was disabled or that she was qualified.[3]

---

[3] Defendant's brief states, "…the [Defendant] for purposes of this summary judgment motion only concedes that Horton is an individual under a disability." (Doc. 16 at 6). Defendant does not explicitly concede that Horton was qualified. However, Defendant's brief does not argue that Horton was not qualified. Thus, for the purposes of summary judgment, the Court will assume Defendant does not dispute that Horton was qualified as contemplated by

Defendant has submitted evidence that it provided Horton with reasonable accommodation. Defendant's evidence establishes that it engaged in discussions with Horton, and in February 2010, an agreement between the parties was reached which permitted Horton to return to work via a reasonable accommodation involving a step onto the bus.  (Doc. 17-3 at 15-16, Doc. 17-4, Aff. Personnel Administrator George Smith). The Defendant also made an accommodation to permit Horton to continue driving with the assistance of an aide. (Doc. 17-4 at 2, Aff. Personnel Administrator George Smith).

"The burden-shifting analysis of Title VII employment discrimination claims is applicable to ADA claims." *Earl v. Mervyns, Inc.,* 207 F.3d 1361, 1365 (11th Cir. 2000). "Under this burden-shifting analysis, [Horton] ha[s] the initial burden of establishing a *prima facie* case of disability discrimination." *Cleveland v. Home Shopping Network, Inc.,* 369 F.3d 1189, 1193 (11th Cir. 2004).

By failing to respond to Defendant's motion, Horton has failed to offer any evidence rebutting Defendant's evidence that it did provide her with reasonable accommodations. Thus, Horton fails to state a *prima facie* claim for failure to accommodate. Consequently, Defendant's motion for summary judgment as to Horton's disability discrimination claim is **GRANTED**.

B.    Retaliation Claim

"In order to establish a prima facie case of retaliation, [Horton] must show that: (1)[s]he engaged in a statutorily protected expression; (2) [s]he suffered an adverse employment action; and (3) there was a causal link between the adverse action and his protected expression." *Lucas v. W.W. Grainger, Inc.*, 257 F.3d 1249, 1260 (11th Cir. 2001)(internal citations omitted). Here, Horton claims that she was constructively discharged. However, her deposition testimony

---

the ADA. Whether Horton was qualified does not change the Court's conclusion that she has failed to meet the third element of her *prima facie* case of disability discrimination and/or retaliation.

confirms that she made a voluntary decision to separate from her employer. Specifically, Horton states, "I was not ready to retire. I could have worked. I really felt like it was time for me to leave. Because had I not retired, they probably would have ended up firing me because it may have gotten -- it would have gotten physical, I know." (Doc. 17-2 at 40; Dep. Horton at 95). Horton then explains that she would have "gotten physical" with her former supervisor, Bob Brunson. (Id.). The Eleventh Circuit has held:

> A constructive discharge claim is not a jury question unless a plaintiff presents substantial evidence that employment conditions were intolerable. An employee must show that his working conditions were so difficult that a reasonable person would have felt compelled to resign. In assessing constructive discharge claims, we do not consider a plaintiff's subjective feelings about his employer's actions, but whether a reasonable person in the plaintiff's position would be compelled to resign.

*Siudock v. Volusia Cnty. Sch. Bd.*, 568 F. App'x 659, 664-65 (11th Cir. 2014)(internal citations omitted)(evaluating an ADA constructive discharge claim).

Based on the evidence presented by the Defendant and unchallenged by Horton, the Court finds that Horton's retirement was voluntary. As she has not shown that she suffered an adverse employment action, she has not established a *prima facie* case of retaliation under the ADA. Accordingly, Defendant's motion for summary judgment as to Horton's claim for retaliation and/or constructive discharge is **GRANTED**.

IV.    **Conclusion**

For the reasons discussed herein, Defendant's motion for summary judgment is **GRANTED**. A judgment will issue by separate document.

**DONE** and **ORDERED** this **30th** day of **October 2015**.

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**